UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**DECLAN J. MCAULEY**                                                                                    **PLAINTIFF**

vs.                                                                                                NO.   3:04CV-676-MO

**R & L TRANSFER, INC.**                                                                                 **DEFENDANT**

## MEMORANDUM OPINION

This is a personal injury, negligence action arising under the court's diversity jurisdiction. The parties consent to the exercise of jurisdiction by the undersigned magistrate judge. The defendant, R & L Transfer, Inc., moves to exclude the testimony of nine expert witnesses identified by the plaintiff, Declan J. McCauley, for his counsel's failure to comply fully with the court's pretrial discovery order and Rule 26(a) of the Federal Rules of Civil Procedure. (Docket No. 21, 64). The plaintiff in turn moves for an extension of time to permit supplemental disclosures filed twenty to thirty-three days after the deadline. (Docket No. 38). The court will grant the extension and deny the motion to exclude.

*Discovery Sanctions*

A district court has broad discretion to sanction a party who fails to comply with discovery orders and the expert witness disclosure requirements of Rule 26(a)(2) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 37(c)(1). One such sanction, the exclusion of expert testimony, may be appropriate unless the dilatory disclosure is harmless and substantially justifiable. *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 784 (6th Cir. 2003). The burden rests on the offending party to prove harmlessness, usually the absence of surprise or unfair tactical advantage. *Id.*; *Rodgers v. Monumental Life Ins. Co.*, 289 F.3d 442, 451 (6th Cir.

2002) (stating failure to comply with Rule 26(a) expert disclosure requirements does not warrant exclusion of testimony if the noncompliance is harmless).  Rather than creating automatic sanctions, Rule 37 imposes a duty on counsel to confer in good faith before seeking court intervention.  *Freeland v. Amigo,* 103 F.3d 1271, 1278-79 (6th Cir. 1997) (stating a preference for gradual, lesser sanctions absent contumacious, egregious conduct).

*Procedural Posture*

This matter is currently scheduled for a jury trial on August 14, 2006.  Following a status conference on November 17, 2005, the court established January 13, 2006, as the deadline for counsel to complete disclosures and depositions of experts.  By order entered August 3, 2005, the court remanded prior expert witness deadlines.

In its initial scheduling order entered April 21, 2005, the court specifically addressed the disclosures required for each treating physician who is expected to testify at trial in person or by deposition.  The order states that "the party who will call the witness shall disclose in writing the substance of the facts and opinion to which each physician is expected to testify and a summary of the grounds for each opinion.  This requirement may be satisfied by furnishing a report signed by the treating physician or by a narrative disclosure."  For retained experts, the court referenced Rule 26(a)(2)'s disclosure requirements.

*The Plaintiff's Treating Physician Disclosures*

The defendant moves to exclude five of seven treating physicians identified by the plaintiff as experts expected to testify at trial: Dr. Stephanie Altobellis; Dr. Michael Cassaro; Dr. Louis Kastan; Dr. David Changaris; and Dr. David Zemba.

The plaintiff identified these witnesses in a pleading titled, Plaintiff's Rule 26(a)(2) Disclosure, served June 20, 2005, except Dr. Zemba, identified in a supplemental disclosure, served November 14, 2005.  The disclosure and supplemental disclosure state these witnesses are expected to testify in accordance with the medical records previously or contemporaneously provided to counsel, with the exception of Dr. Changaris, a pain management specialist, who at the time had yet to evaluate Mr. McAuley.  The plaintiff provided additional medical records in July, 2005, and Dr. Changaris's records in November, 2005.

In support of the exclusion of these witnesses, the defendant argues the plaintiff's disclosures are insufficient because nothing sets forth the substance of the facts and opinion to which each physician is expected to testify and a summary of the grounds for each opinion.  The defendant complains counsel lacks information for adequate cross-examination because neither Dr. Altobellis nor Dr. Cassaro, in particular, provide any explanation for their opinion or belief that the accident caused Mr. McAuley's injuries.

The court concludes that the defendant fails to state adequate grounds for excluding the testimony of these treating physicians.  The defendant construes the court's discovery order as if there is no distinction between retained experts and treating physicians.  To the contrary, the order permits a narrative disclosure in lieu of a signed report.  The plaintiff here has elected to limit the treating physicians' opinions to those stated in the medical records.  To the extent the defendant believes these records provide shallow basis for the treating physicians' opinions, the point itself can be made as the substance of the defendant's cross-examination.  If at trial, on the other hand, a treating physician's opinion finds flimsy reference in the medical records to the defendant's surprise, a motion to exclude may be an appropriate sanction to remedy any unfair

tactical advantage of the plaintiff.  Because this sort of harm is not apparent under the current circumstances, however, the court will deny the motion to exclude the testimony of the treating physicians.

*The Plaintiff's Retained Expert Disclosures*

The defendant moves to exclude the testimony of four retained experts identified by the plaintiff: Catherine Frantom, Ph.D; Michael J. Voor, a biomedical engineer; Robert Piper, a vocational expert; and D. Frederick W. Siegel, an economic expert.

The plaintiff identified and provided partial expert disclosure information for Dr. Frantom, Dr. Voor, and Dr. Siegel in November, 2005.  The plaintiff identified and provided partial disclosure information for Dr. Piper on January 7, 2006.  On January 19, 2006, six days after the expert deadline, the plaintiff moved to supplement the disclosures and filed same for Dr. Frantom on February 8, 2006; Dr. Voor on February 2, 2006; Dr. Siegel on February 15, 2006; and Dr. Piper on February 8, 2006.  These supplemental disclosures contain information about previous testimony and expert fees, including reports from Dr. Siegel and Dr. Frantom, (and other treating physicians).

The defendant argues the testimony of these retained experts should be excluded in their entirety because the plaintiff completed the disclosures two, three, and for Dr. Siegel, four weeks after the deadline.  The plaintiff counters that the defendant has shown no harm, surprise, interference with the ability to depose these witnesses, or any interference with the ability of counsel for the defendant to evaluate the plaintiff's case.  Defendant concedes counsel has retained rebuttal experts for all the plaintiff's experts, (without specific mention, however, of Dr.

Siegel, who was identified in November, 2005). Delay absent unfair prejudice to the objecting party provides insufficient grounds for exclusion.

Notwithstanding, the defendant's motion omits certification that "the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action." Fed. R. Civ. P. 37(a)(2)(A).

Because the defendant fails to articulate any appreciable harm as a result of the plaintiff's delay in completing these expert disclosures, the court concludes exclusion of their testimony, one of the severest sanctions available under Rule 37, is not warranted.

The court will enter an order consistent with this memorandum opinion.

DATE:

Copies to:
Counsel of Record