## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

DECLAN J. MCAULEY                                                          PLAINTIFF

vs.                                                              NO.  3:04CV-676-MO

R & L TRANSFER, INC.                                                       DEFENDANT

### MEMORANDUM OPINION AND ORDER

In advance of a jury trial scheduled August 14, 2006, the defendant, R & L Transfer, Inc.,

seeks *in limine* rulings on the admissibility of the anticipated testimony of several expert

witnesses, including treating physicians, expected to testify at trial.[1]  As its chief ground

articulated in support of exclusion, the defendant argues generally that the relevant expert

opinion exceeds the scope of his or her speciality.

Specifically, Jahangir Cyrus, M.D., is expected to offer opinions on the etiology of

abnormalities of the plaintiff's pituitary gland and the plaintiff's disability.  The defense objects

that Dr. Cyrus' medical opinions fall outside his speciality in endocrinology and should thus be

excluded under Federal Rules of Evidence 702 as unhelpful or confusing to the jury.  The court

disagrees.  Dr. Cyrus may express medical opinions and the credibility of those opinions or the

weight the jury should give them, depending on whether the opinion falls normally within his

area of speciality or outside the normal care provided in his practice, is an issue for the jury - not

grounds for exclusion.  The same reasoning applies to Michael Cassaro, M.D., (anesthesiologist),

and Kent Thomas, M.D., (ophthalmologist).  The court will therefore **OVERRULE** these

motions *in limine*.

---

[1]The defendant's motions *in limine* include argument that the plaintiff provided the relevant expert disclosure
in an untimely manner.  The court previously considered and rejected these arguments in the court's memorandum
opinion dated March 13, 2006.

The defendant also seeks to exclude the opinions of two retained experts on similar grounds. Catherine Frantom, Ph.D., psychologist, is expected to offer an opinion that the plaintiff suffered a mild impairment due to a traumatic brain injury. The defendant criticizes her testimony on grounds that she is neither a medical doctor nor a neurologist. The plaintiff responds that Dr. Frantom conducted a neuropsychological evaluation and based her opinions on that evaluation. The plaintiff further states that no physician has ever questioned that diagnosis or been critical of Dr. Frantom's opinions. It appears that Dr. Frantom's opinion falls well within her expertise.

Likewise, Michael Voor, Ph.D., biomedical engineer, is expected to offer opinions concerning the speed at impact, whether it was sufficient to break the seat back of the plaintiff's seat, and whether that was sufficient to cause head trauma. Each opinion seems to fall within the speciality of a biomedical engineer. The defendant criticizes these opinions on grounds that Dr. Voor is neither an accident reconstructionist nor a medical doctor.

The court disagrees. These criticisms appear to be more appropriate for cross-examination rather than valid grounds for excluding his testimony. To the extent the defendant may offer any criticisms that challenge an expert's qualifications, the court reserves ruling on these issues at trial. As the motions currently stand, however, there do not appear to be any grounds for disqualifying either expert. The court will therefore **OVERRULE** these motions *in limine*.

Finally, the defendant seeks to exclude any testimony at trial from treating physician David Changaris, M.D., neurosurgeon and pain management specialist, on grounds that the plaintiff failed to timely disclose any report and because the defendant's counsel understood the plaintiff would not be calling Dr. Changaris to testify at trial. The court previously considered

and rejected the timeliness argument in its memorandum opinion dated March 13, 2006.

Because it appears that the plaintiff affirmatively disclosed Dr. Changaris as an expert witness

expected to testify at trial, the defendant's motion *in limine* is not well taken.  The defendant's

counsel has Dr. Changaris' records in her possession and chose not to take a discovery

deposition.  Any tactical decision, however, provides no basis for excluding evidence.  Therefore,

the court will **DENY** this motion *in limine*.

> For the reasons set forth in the above memorandum and opinion,

> **IT IS HEREBY ORDERED** that the defendant's motions *in limine* with respect to Drs.

Cyrus (DN 90), Changaris (DN 89), Cassaro (DN 88), Frantom (DN 87), Thomas (DN 86), Voor

(DN 85), are **DENIED**.

> **IT IS FURTHER ORDERED** that the plaintiff's unopposed motion *in limine* to exclude

certain medical history of the plaintiff (DN 93) is **GRANTED**.

> **IT IS FURTHER ORDERED** that the defendant's unopposed motions *in limine* that

pertain to an unknown mechanic, and a police officer, (DN 81, 82) are **GRANTED**.

> **IT IS FURTHER ORDERED** that the plaintiff's motion for Rule 11 sanctions is

**DENIED**.

DATE: August 7, 2006

_JDMoyer_

_____

JAMES D. MOYER
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record