UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**DECLAN J. MCAULEY**                                                                                    **PLAINTIFF**

**vs.**                                                                                                 **NO.  3:04CV-676-MO**

**R & L TRANSFER, INC.**                                                                                 **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

The defendant R & L Transfer, Inc., moves in limine to exclude certain evidence related to the plaintiff, Declan McAuley's claim of damage to his vehicle.  For reasons stated below, the court will deny the motion.

The plaintiff claims he sustained severe personal injuries in a rear-end collision between his Suburban and the defendant driver's semi-tractor trailer on September 23, 2003.  This motion in limine focuses on the extent of property damage, if any, the plaintiff sustained, particularly whether the plaintiff's seat back broke as a result of the collision.  The plaintiff claims damages to his vehicle total over $5000.

The defendant's driver photographed portions of the plaintiff's vehicle at the scene; the police report noted minor damage.  Beyond this, the defendant seeks to exclude evidence of alleged vehicle damage, namely, documents showing an estimate of damages on September 26, 2003 by Property Damage Appraisers and documents showing repairs made within a week of the accident at a repair shop.  The plaintiff explains that he submitted a claim to his insurance carrier, Indiana Insurance Company, which referred plaintiff to Property Damage Appraisers to examine the vehicle.  Because the vehicle was not drivable, the plaintiff had the vehicle repaired.

According to the plaintiff, necessary repairs included replacing the driver seat (frame and cover) and the seat power adjuster, as documented by the appraisal of damages and the repair records. The defendant emphasizes the minor nature of the damages visible in the photographs of the vehicle's exterior and noted in the police report. The defendant explains that the plaintiff was involved in another serious accident just nine months prior to the collision at issue here. Because the defendant has had no opportunity to examine the vehicle before the repairs, the defendant argues the court should exclude the evidence as inadmissible hearsay or because the plaintiff intentionally spoliated the evidence.

The court the concludes documents at issue fall within the hearsay exception under Federal Rule of Evidence 803(6) "Records of regularly conducted activity." *See United States v. Weinstock,* 153 F.3d 272 (6th Cir. 1998)*.* Documents made in the routine course of business of insurance claims, damage estimate and repair, carry indicia of reliability not only because they are created as a matter of routine but also because they are created by disinterested parties, e.g., appraisers, repair shops, and by those who would seek to limit damages to those related to the claim, e.g., the insurance carrier.

The court further concludes doctrine of spoliation of evidence provides no basis for excluding highly probative evidence under the facts of this case. *See Beil v. Lakewood Engineering and Mfg. Co.,* 15 F.3d 546 (6th Cir. 1994) (stating some courts assign no adverse evidentiary consequences that is unintentional or satisfactorily explained). Strictly speaking, the plaintiff is not charged with discovery misconduct or an unjustified, deliberate destruction of evidence. He repaired his primary vehicle and preserved the documentary evidence. There appears to be no precedent for applying the doctrine of spoliation in a motor vehicle accident

case. Moreover, good policy reasons counsel against the court adopting an evidentiary rule that would deter potential plaintiffs from repairing salvageable vehicles.

Accordingly,

**IT IS HEREBY ORDERED** that the motion in limine to exclude alleged vehicle damage (DN 84) is **DENIED**.

DATE:

Copies to:
Counsel of Record