### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### AT LOUISVILLE

**DECLAN J. MCAULEY**                                                                                                 **PLAINTIFF**

**v.**                                   **NO. 3:04-CV-676-MO**

**R & L TRANSFER, INC.**                                         **DEFENDANT**

### MEMORANDUM OPINION

The undersigned magistrate judge presided over a two-week jury trial in this negligence action for personal injury in a motor vehicle collision. The jury returned a verdict in favor of the plaintiff and awarded $21,000 in damages – a modest sum in comparison to the more than $9 million in controversy. The plaintiff, Declan J. McAuley, moves for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure on the sole ground that no evidence supports the jury's refusal to award damages for future pain and suffering. The defendant, R & L Transfer, Inc., files a memorandum in opposition to the motion. For reasons that follow, the court concludes the jury verdict should stand and will deny the motion.

### I. Standard of Review

A federal court may grant a party a new jury trial on all or part of the issues so tried for reasons historically recognized in federal common law. FED. R. CIV. P. 59(a). One such reason is "if the verdict is against the weight of the evidence." *Rush v. Illinois Cent. R. Co.*, 399 F.3d 705, 727 (6th Cir. 2005) (citing *Conte v. General Housewares Corp.*, 215 F.3d 628, 637 (6th Cir. 2000)). In this inquiry, the court may "compare the opposing proofs and weigh the evidence." *Conte*, 215 F.3d at 637 (citing *Toth v. Yoder Co.*, 479 F.2d 1190, 1197 (6th Cir. 1984)). The court may not, however, substitute its view of the evidence merely because the jury could have drawn different inferences or more reasonable conclusions. *Id.* Rather, the court should accept

the jury's verdict as long as "it is one which could reasonably have been reached." *Id.* at 637-38.

Unlike the standard for directed verdict (now referred to as judgment as a matter of law), the court may grant a new trial even if there is substantial evidence to support the verdict. *See* FED. R. CIV. P. 50. Judgment as a matter of law is warranted if "there is no legally sufficient evidentiary basis for a reasonable jury to find for the party on that issue." *Id.* It confuses the two standards to deny a party a new trial simply because the party was not entitled to a directed verdict during the course of the trial. 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2806 (2d ed. 1995, Supp. 2006).

Therefore, the court must determine whether the verdict is against the weight of the evidence because the jury could not have reasonably refused to award future pain and suffering.

## II. Background

The jury heard evidence that the defendant's semi-tractor trailer rear-ended the plaintiff's Chevrolet Suburban on an interstate ramp in Louisville. The plaintiff claimed he sustained significant, permanent injuries, including a closed head injury, cognitive deficits, trauma to the pituitary gland and related symptoms, aggravation of pre-existing spinal injuries, as well as pain and suffering, loss of income and future earnings.

The plaintiff's treating physicians as well as other medical experts retained by both parties, all testified at trial in person. The jury also heard live testimony from the plaintiff, his wife, and the driver of the defendant's truck, the investigating officer, as well as opposing economic experts, a biomedical engineer, and an accident re-constructionist. The defense contested both damages and liability, including particularly causation and the seriousness of the plaintiff's injuries as well as the plaintiff's economic claims.

As itemized in the verdict form, the jury awarded $5000 for past medical expenses, $10,000 for past pain and suffering, $5000 for future medical expenses, $1000 for loss of net profits, $0 for future pain and suffering, and $0 future impairment of his ability to labor and earn money.

The plaintiff challenges the jury's refusal to award future pain and suffering.

### III. Analysis

The plaintiff argues there is no evidence on which the jury could have relied to award zero damages for future pain and suffering. The plaintiff contends all the medical testimony showed that the plaintiff sustained permanent injuries in the collision, testimony which included the opinions of two medical experts retained by the defendant, Richard Edelson, Ph.D, neuro-psychologist, and Dr. Hal Michael Corwin, neurologist. The plaintiff argues Dr. Corwin, specifically, conceded the plaintiff sustained an aggravation of pre-existing spinal injuries, which are permanent and symptomatic, as a result of the collision.[1] The plaintiff makes this argument in a two-page motion with no supporting memorandum.

At the threshold, the issue arises whether the verdict is inconsistent because the jury awarded $5000 for future medical expenses and $0 for future pain and suffering. Until recently, the prevailing view of Kentucky's law of damages held that pain and suffering always accompanies medical expenses and that a jury's failure to award pain and suffering, as in this

---

[1] In the motion, the plaintiff does not specify whether the evidence established permanence of the pre-existing spinal injuries or all of the plaintiff's claimed injuries, which would include the closed head injury claim. Even the term "closed head injury" presumably describes the plaintiff's claim of traumatic injuries to both the pituitary gland and what was referred to in some testimony as diffuse axonal shearing. In addition, one treating physician, Dr. David Changaris, neurosurgeon, offered an opinion that the head trauma from the collision increased the plaintiff's risk of Alzheimer's Disease. In their opposing memorandum, the defendant suggests the permanence testimony addressed only the spinal aggravation injuries. Without the plaintiff specifying whether all of some of the claimed injuries should enter this discussion, the court will construe the motion as addressing permanence as to both the brain injury and the aggravation of pre-existing spinal injuries.

case, constitutes an inconsistent verdict. *See Adam v. J.B. Hunt Transport, Inc.*, 130 F.3d 219 (6th Cir. 1997) (stating a plaintiff's pain and suffering is presumed under Kentucky common law if the jury awards medical expenses).

Today, however, Kentucky law of damages "does not require a jury to award damages for pain and suffering in every case in which it awards medical expenses." *Miller v. Swift*, 42 S.W.3d 599 (Ky. 2001).[2] There, the plaintiff suffered from chronic illness, including rheumatoid arthritis, which supported the jury verdict that the plaintiff suffered no additional pain as a result of the accident, despite incurring medical expenses for accident-related injuries. On these facts, the high court affirmed the denial of a new trial because the zero award for pain and suffering was both legally and factually consistent with an award for medical expenses and lost wages.

Because the verdict here is not legally inconsistent according to the reasoning in *Miller*, the issue is whether, based on the facts in this case, the jury could have reasonably concluded that the plaintiff's injuries warranted no award for future pain and suffering.

The defendant argues that the demeanor and testimony of the plaintiff, himself, at trial supports the verdict. On the witness stand, the plaintiff demonstrated ready command of memory and complex mental faculties, and during trial, he appeared to move freely and sit for long periods without obvious discomfort. On this basis, the defendant argues, the jury may not

---

[2]In diversity cases, whether to grant a new trial is a federal procedural question to be decided with reference to federal law. *Toth*, 749 F.2d at 1197. This determination lies within the sound discretion of the trial judge. *Id*. Although the substantive law of the forum state applies in diversity cases (here, the law of damages in Kentucky), the question remains a federal procedural issue, that is, whether the verdict is against the weight of the evidence. The *Miller* opinion suggests the Kentucky courts would question whether the verdict, although not presumptively inconsistent, is factually "inadequate," as if this standard requires a different inquiry than whether the verdict is against the weight of the evidence. Semantics aside, this court's analysis hinges on the weight of the evidence standard articulated in federal appellate decisions. As for the substantive question whether the verdict is flawed as a matter of law for failure to award pain and suffering with the award for future medical expenses, this court must first refer to Sixth Circuit opinions applying the law of Kentucky, and if none, refer to reported decisions of the Kentucky Supreme Court. *See Himmel v. Ford Motor Co.*, 342 F.3d 593, 598 (6th Cir. 2003).

have perceived the treating physicians as being credible in every aspect of their testimony. The court agrees.

The jury made a deliberate and informed decision to award no damages for future pain and suffering. This verdict reasonably reflects the minor nature of the plaintiff's injuries caused in this collision. The defense offered testimony and photographs to show minor damage to the plaintiff's vehicle, in addition to evidence of a prior, recent rear-end collision. The expert witnesses called by the defense disputed trauma to the pituitary gland, certain evidence of closed head injury, and conceded an aggravation of pre-existing spinal complaints. The defense rigorously contested the plaintiff's income claims. The plaintiff presented himself as a relatively well and garrulous witness. Clearly, the jury credited the plaintiff's trial demeanor over the treating physicians' testimony. Other evidence may well have undermined the treating physicians' credibility and the plaintiff's claim for future pain and suffering, such as the familiarity between the plaintiff's counsel and two treating physicians, Dr. Michael Cassaro (anesthesiologist/pain management specialist) and Dr. David Changaris (neurosurgeon/pain management specialist). In light of all the evidence, the jury could have reasonably disbelieved the treating physicians' far-reaching opinions and concluded the collision caused the plaintiff only minor exacerbation of pre-existing spinal complaints.

Because the jury could have reasonably refused to award future pain and suffering, the court concludes the verdict is consistent with the weight of the evidence and should, therefore, stand. The court will enter a separate order.

DATE:


cc: Counsel of Record